UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JACOB BUTHERUS and PEGAN BUTHERUS, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 4:19-cv-02970-AGF |
| vs. | ) ) ) | |
| LOREE BROWN, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Loree Brown's motion to quash service of process or, in the alternative, extend time to answer or respond to the complaint. ECF No. 5. Plaintiffs oppose the motion. ECF No. 10. For the reasons set forth below, Defendant's motion will be granted in part and denied in part.

## BACKGROUND

This matter arises out of an automobile collision that occurred on or about October 26, 2017, in Phelps County, Missouri. Plaintiffs filed this lawsuit on August 14, 2019, in Missouri state court, asserting claims of negligence and loss of consortium. Their complaint stated that Defendant was a resident of Licking, Missouri, and could be served at 13353 Shafer Road, Licking, Missouri ("Shafer Road address"). ECF No. 3.

On November 4, 2019, Defendant removed the case to federal court, asserting diversity jurisdiction because Defendant is a citizen of Michigan. Defendant also filed

this motion for quash service of process because Defendant had not been served in accordance with the Missouri rules of civil procedure. Specifically, the summons and petition were served on an individual named Mark Duncan at the Shafer Road address. Defendant claims that this is not her dwelling house or usual place of abode and that Duncan was "merely an acquittance of Defendant," not a member of her family.

Plaintiffs respond that the summons and petition were served on Duncan at Defendant's request. In support, Plaintiffs submit a letter from the Texas County Sheriff's Department[1] detailing its communications with Defendant about service of process. Specifically, when the Sheriff's Department was unable to serve her, "[Defendant] advised she had a boyfriend that lived with her and we could give the paperwork to him. [Defendant's] boyfriend was served at her request on 10/5/2019 at the residence." ECF No. 10-1. Plaintiffs maintain that service was properly made at her usual place of abode on her authorized agent.

## DISCUSSION

"Unless a defendant is served with process, or summoned, in a manner and form authorized by statute, the court is without authority to proceed." *Silinzy v. Williams*, 247 S.W.3d 595, 598 (Mo. Ct. App. 2008) (citing *State ex rel. Illinois Farmers Ins. Co. v. Gallagher,* 811 S.W.2d 353, 354 (Mo. 1991)). "Where the statutorily prescribed requirements for process and the manner of service are not met, the court in which the

---

[1]     The Texas County Sherriff's Department is located in Houston, Missouri.

action is pending is without power to adjudicate." *Id.* (citing *Finnigan v. KNG*

*Investments, Inc.,* 158 S.W.3d 808, 810 (Mo. App. S.D. 2005)).

Section 506.150.1(1) provides for service as follows:

1. The summons and petition shall be served together. Service shall be made as follows:

(1) Upon an individual, including an infant or disabled or incapacitated person not having a legally appointed guardian or conservator, by delivering a copy of the summons and of the petition to him personally or by leaving a copy of the summons and of the petition at his dwelling house or usual place of abode with some person of his family over the age of fifteen years, or by delivering a copy of the summons and of the petition to an agent authorized by appointment or required by law to receive service of process . . . .

Service of process on a roommate at a defendant's usual place of abode is proper if the

relationship is "of a permanent and domestic character and not intended to be merely

temporary." *Midwest Acceptance Corp. v. Blount*, 777 S.W.2d 645, 647 (Mo. Ct. App.

1989) (quoting *Colter v. Luke*, 129 Mo. App. 702, 609 (1908)).

Moreover, a sheriff's return of service is considered "prima facie evidence of facts

recited therein." *State ex rel. DFS v. Sutherland,* 916 S.W.2d 818, 820 (Mo. App. W.D.

1995). The return is subject to impeachment by the party alleged to have been served

only by clear and convincing evidence. *Id.* Here, the return of service indicates that the

Sherriff left a copy of the summons and petition with Duncan at the Shafer Road address.

To challenge service, Defendant is obligated to provide clear and convincing evidence

that her usual place of abode was not 13353 Shafer Road or that Duncan did not

permanently reside at that address.

3

Defendant maintains that she is a resident and citizen of Michigan and points to her affidavit, which states that "Mr. Duncan is not a member of my family." ECF No. 1-8. She does not, however, provide any evidence of her permanent residence or usual place of abode during the relevant time period. *Id.* Conversely, Plaintiffs submitted a letter from the Texas County Sheriff's Department stating that Defendant had specifically instructed them to serve Duncan, Plaintiff's boyfriend who resided with her.

The Court concludes that Defendant failed to provide clear and convincing evidence that the Shafer Road address was not her usual place of abode or that Duncan did not reside there. Moreover, Defendant failed to present any evidence that she did not in fact instruct the Sheriff's Department to serve Duncan at the Shafer Road address. Accordingly, the motion to quash service will be denied. However, for good cause shown, the Court will grant Plaintiff an extension of time to respond to Plaintiffs' complaint.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Loree Brown's motion to quash service of process or, in the alternative, extend time to answer or respond to the complaint is **GRANTED IN PART and DENIED IN PART**. ECF No. 5.

**IT IS FURTHER ORDERED** that Defendant shall file a response to Plaintiffs'

complaint on or before **December 5, 2019.**

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 26th day of November, 2019.